NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 05 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 05-30140 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00019-3-RRB |
| v. | |
| CHARI LYNN KULGAVCHUK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted March 6, 2006**
Seattle, Washington

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

Chari Kulgavchuk appeals her conviction and sentence, entered after a jury verdict finding Kulgavchuk guilty of conspiracy to distribute methamphetamine and money laundering. The district court sentenced Kulgavchuk to a 180-month

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

term of imprisonment to be followed by a 5-year term of supervised release. Kulgavchuk now argues that there was insufficient evidence to warrant her conviction for conspiracy, that the district court violated the Sixth Amendment by sentencing her based on facts that were not proven to a jury beyond a reasonable doubt, and that her sentence was unreasonable.[1]

Viewing the evidence in the light most favorable to the government, the trial record supports the following conclusions. Kulgavchuk's boyfriend, William Landrus, organized a scheme to import methamphetamine into Fairbanks, Alaska from California. Landrus asked friends in Fairbanks to accept packages on his behalf. When a friend agreed to do so, Landrus sent the friend's address to the methamphetamine supplier through a middleman. The supplier then shipped the drugs from California to the address of Landrus's friend. At first, Landrus paid for the drugs in cash, sent via courier to the middleman, who delivered the cash to the California supplier. After the middleman was apprehended, Landrus began to pay the supplier directly, with money orders mailed from Alaska to California.

Supporting the conspiracy conviction, there was evidence that Kulgavchuk helped Landrus convey payment for the illicit drugs he imported. She made two

---

[1] Because the parties are familiar with the facts and the procedural history underlying this appeal, we mention them only where necessary to explain our disposition.

2

trips to Portland and two trips to Seattle, each time carrying an envelope with between $15,000 and $18,000, which she gave to the middleman. Also, there was testimony that Landrus told people that Kulgavchuk purchased money orders, packaged them, and sent them as payment for methamphetamine.

Other evidence, as well, implicated Kulgavchuk in the drug conspiracy: A witness saw pounds of methamphetamine in a safe located in the bedroom Landrus shared with Kulgavchuk, permitting the inference of her knowledge. Additionally, there was testimony that Landrus freely discussed his drug enterprise with customers, friends, and associates. This testimony permitted the jury to infer that Kulgavchuk knew Landrus was a drug dealer and that Kulgavchuk's actions on his behalf were intended to help Landrus distribute methamphetamine. *See United States v. Toomey*, 764 F.2d 678, 681 (9th Cir. 1985) ("It is the jury's duty to weigh the evidence and determine what version of the facts to believe."). We hold that a rational trier of fact could have concluded that Kulgavchuk agreed to participate in the methamphetamine-distribution conspiracy organized by her boyfriend, and that Kulgavchuk acted to further the conspiracy's illegal objectives. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The next issue concerns a Sixth Amendment challenge to Appellant's sentence. When the district court sentenced Kulgavchuk, it knew that the Supreme

Court's opinion in *United States v. Booker*, 543 U.S. 220 (2005), had rendered the Sentencing Guidelines advisory. Consequently, the district court's extra-verdict findings did not violate Kulgavchuk's right to a jury trial. *See United States v. Ameline*, 409 F.3d 1073, 1077 (9th Cir. 2005).

Finally, we reject Kulgavchuk's challenge to the reasonableness of her sentence. The district court calculated the correct sentencing range under the Sentencing Guidelines and considered the factors listed in 18 U.S.C. § 3553(a). The district court discussed Kulgavchuk's background, the need to deter future methamphetamine-distribution conspiracies, the need for Kulgavchuk's sentence to reflect the seriousness of her crime, and the need to protect the Fairbanks community from methamphetamine distribution. The district court exercised its discretion appropriately and imposed a reasonable sentence. *See United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir. 2006).

**AFFIRMED.**


A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
JUN 27 2006
by: Deputy Clerk